IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH MILO COLE, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. H-18-2565 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| *Respondent.* | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his disciplinary conviction. Having reviewed petitioner's pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this habeas case must be dismissed for failure to state a cognizable federal habeas claim.

### I. BACKGROUND AND CLAIMS

Petitioner reports that he received an unwarranted disciplinary conviction for typing an unauthorized letter. He was sanctioned with temporary loss of recreation and commissary privileges, including loss of craft shop privileges, and reduction in line class status. He claims that the disciplinary hearing and conviction violated his procedural due process rights.

Petitioner admits that he lost no accrued good time credit, and that he is not eligible for mandatory supervised release. He argues that, because of the temporary craft shop

sanction, he is unable to use the expensive craft shop tools he purchased. According to petitioner, this loss of property rights allows him to pursue habeas due process challenges to the disciplinary conviction.

Petitioner seeks expungement of the disciplinary conviction and reinstatement of his craft shop privileges.

## II. ANALYSIS

Prisoners charged with institutional rule violations are entitled to procedural due process only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). In Texas, only those inmates who were sanctioned with loss of accrued good time credit and are eligible for mandatory supervised release may challenge a disciplinary conviction. *Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000). If a prisoner meets these two criteria, he may challenge his disciplinary conviction through a section 2254 habeas proceeding.

Petitioner acknowledges that the sanctions imposed against him in the instant case did not infringe upon a protected liberty interest. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (concluding that imposing thirty days of commissary or cell restrictions as punishment constitutes mere changes in the conditions of a prisoner's confinement and does not implicate due process concerns); *see also Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). He argues, however, that disciplinary sanctions which infringe upon a prisoner's *property* interests also give rise to procedural due process protections. Citing no applicable

authority, he contends that his temporary inability to use the craft shop is a sanction that impinges upon his protected property interest in using his craft shop tools, and is sufficient to trigger due process protections for purposes of section 2254.

Petitioner is incorrect. Protected "interests are generally limited to state-created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997). The punishment imposed in this case did not effect the fact or duration of petitioner's confinement, and he may not challenge the disciplinary conviction through a section 2254 habeas proceeding. Federal claims by prisoners for property loss or infringement are actionable, if at all, in a lawsuit brought pursuant to 42 U.S.C. § 1983. *See, i.e., Lacy v. Thaler*, 497 F. App'x 411, 411, 2012 WL 5914261, at *1 (5th Cir. 2012) (per curiam).[1]

Petitioner raises no cognizable federal habeas claim, and his petition must be dismissed for failure to state a claim.

### III. CONCLUSION

Petitioner's habeas claims are **DISMISSED WITH PREJUDICE** for failure to state cognizable federal habeas claims. Petitioner's claims sounding in civil rights are

---

[1] It would not further the interests of justice to construe petitioner's habeas claims as civil rights claims in this action. Allowing petitioner to prosecute this action based on payment of the $5.00 habeas filing fee instead of the $400.00 filing fee applicable to civil actions would allow him to circumvent the filing fee requirements of the Prison Litigation Reform Act. See 28 U.S.C. § 1915. Accordingly, petitioner's claims sounding in civil rights will be dismissed without prejudice to being reasserted in a separate civil action.

**DISMISSED WITHOUT PREJUDICE** to being reasserted in a section 1983 lawsuit, if appropriate. A certificate of appealability is **DENIED**. Any and all pending motions are **DENIED AS MOOT**.

SIGNED at Houston, Texas on the 2nd day of August, 2018.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE